

**U.S. Department of Justice**

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 3, 2026

Anastasia Dubrovsky, Esq.
Clerk of Court
Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
One Courthouse Way, Suite 2500
Boston, Massachusetts 02210

**Re:    United States v. Johnny Barros Brandao**
           **Appeal No. 25-1486**

Dear Ms. Dubrovsky:

This responds to the defense letter filed earlier this afternoon, which misreads the record and the government's remarks at oral argument.

At oral argument, the government stated that if the defense was suggesting that there had been communications concerning Brandao between Cape Verdean authorities and the U.S. Embassy in Senegal, it did not believe the trial evidence supported that assertion. [14:35-15:18]. The government's statement was correct.

The portion of Agent Pigman's cross-examination that defense counsel now cites in her letter does not concern any communications between Cape Verdean authorities and the U.S. Embassy in Senegal. Rather, as counsel acknowledged in her opening brief [Br. 15, 26-27], what the four lines of testimony reflect is that, in January 2023, someone in the *U.S. Embassy* in Cape Verde informed the U.S. Embassy in Senegal that the person to whom they had issued an emergency passport in late December 2022—Brandao—had charges pending against him in Cape Verde. [A: 255, lines 2-14]. Trial counsel's reference to the "Cape Verdean Embassy"

1

during this line of questioning [A: 255, line 3] was clearly understood by Pigman to mean the U.S. Embassy in Cape Verde.

This is confirmed by the defense opening brief, in which counsel suggested the following chain of inferences: (1) Cape Verdean authorities returned Brandao's passport to him; (2) Brandao then lost the passport in Dakar; (3) someone then found the passport and returned it to the U.S. Embassy in Dakar; (4) that embassy, having been informed in the meanwhile of the pending Cape Verdean charges, forwarded the passport to the U.S. Embassy in Cape Verde; and (5) the U.S. Embassy in Cape Verde then surrendered that passport to the Cape Verdean authorities "in order to attempt to right their mistake." [Br. 26-27].[1]

Second, the government did not claim at oral argument that "the prosecutors never made reference to 'murder' charges, only to 'homicide' charges." [Letter at 2]. It simply drew attention to the fact that defense counsel herself twice referred to the charges as "murder" charges in her own closing argument [19:20-19:30], which is true [A: 325, 328]. *See also* A: 363 (proposed defense voir dire question referring to "murder charges").

Third, at oral argument defense counsel repeated the assertion that trial evidence showed that the Cape Verdean homicide charges were "declared null and void." [9:05-9:08]. As the government has already explained, that is incorrect. [Gov. Br. 1 n.2].

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ *Donald C. Lockhart*
DONALD C. LOCKHART
Assistant U.S. Attorney

---

[1] Why this would "right their mistake" is a mystery, particularly given that Brandao had long since returned to the United States by that time, which explains why defense counsel barely alluded to this multi-step theory in closing and refrained from making the fourth and fifth points to the jury. [A: 323-324].

cc:    Jillise McDonough, Esq.
       Law Office of Jillise M. McDonough
       107 Union Wharf
       Boston, MA 02109